## Village of Winnetka, Appellant, v. Walter Sinnett, Appellee.

### Gen. No. 36,366.

Opinion filed October 25, 1933.

TOLMAN, CHANDLER & DICKINSON, for appellant; HOWARD B. BRYANT and WALTER V. SCHAEFER, of counsel.

No appearance for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the Village of Winnetka from a judgment entered in the criminal court for the defendant in an action to recover the penalty provided for the violation by the defendant, in driving a vehicle while intoxicated, of section 736 of an ordinance entitled, ''An ordinance amending, consolidating, revising and codifying the general ordinances of the Village of Winnetka,'' passed and approved January 19, 1932, hereinafter referred to as the ''Municipal Code.'' The action was instituted before a justice of the peace of Cook county. The evidence was presented to the court by both parties, a jury having been waived. The defendant was found guilty and judgment was entered against him for $100 and costs. An appeal was taken by the defendant from the judgment of the justice of the peace to the criminal court of Cook county. The case came on for trial in that court, and upon motion of the defendant the court ordered that the complaint be quashed and the defendant discharged. No evidence was offered or heard upon this motion. Upon the entry of the judgment the Village of Winnetka prayed an appeal to this court. The defendant in the proceeding did not file an appearance in the Appellate Court and we are without aid of his position in the case.

It is contended by the village that the enactment by the General Assembly of section 41 of the Motor Vehicle Act, Cahill's Rev. St. ch. 95a, ¶ 42, which prohibits any person from driving a motor vehicle while intoxicated, and prescribes a penalty for conviction thereof,

did not deprive the village of the right to enforce section 736 of the Municipal Code, which makes it unlawful for any person while in an intoxicated condition to operate any vehicle, and upon conviction thereof imposes the penalty prescribed therefor by section 743 of said Municipal Code.

The question involved in this proceeding is: Did the enactment by the General Assembly of Illinois of section 41 of the Motor Vehicle Act, Cahill's St. ch. 95a, ¶ 42, which prescribed a penalty upon a person driving a vehicle while intoxicated, repeal by implication section 736 of the Municipal Code of the Village of Winnetka, which provides that it shall be unlawful for a person while in an intoxicated condition to operate any vehicle upon the streets of the village, and imposes a penalty upon conviction thereof?

Section 41 of the Motor Vehicle Act is as follows:

"Any person who shall drive or operate a motor vehicle upon any public highway of this State while drunk or intoxicated, shall, upon conviction thereof, for each offense be punished by a fine of not less than one hundred ($100) dollars nor more than one thousand ($1,000) dollars and by imprisonment in the county jail for not less than ten (10) days nor more than six (6) months." Cahill's St. ch. 95a, ¶ 42.

Section 736 of chapter 15 of the Municipal Code of the Village of Winnetka is: "It shall be unlawful for any person while in an intoxicated condition, to operate, or attempt to operate, any vehicle."

The penalty provided for violation of the ordinance is in these words: "Any person, firm or corporation violating any provision of this Chapter, shall, on conviction thereof, be fined not less than five ($5) dollars nor more than one hundred ($100) dollars; and each and every day upon which such violation shall occur, or upon which such violation shall continue, shall constitute a separate offense."

It is suggested in the brief of the appellant that the complaint was quashed by the court upon the ground that section 41 of the Motor Vehicle Act, Cahill's St. ch. 95a, ¶ 42, suspended the operation of the municipal ordinances in question.

Upon a question of like import the Supreme Court of this State announced the rule, which is the law, that the legislature may confer police power upon municipalities to provide by ordinance that an act may be a violation of the municipal ordinances, notwithstanding the violation of the ordinance is also an offense under the laws of this State. This doctrine was announced by the Supreme Court in *City of Chicago v. Union Ice Cream Mfg. Co.,* 252 Ill. 311. In this case the city recovered a judgment for the violation of a section of the Municipal Code which prohibited the sale of adulterated foods. The plaintiff in error contended that the Pure Food Law of 1907 was intended to repeal the provisions of the Cities and Villages Act, which gave the city authority to pass the ordinance. in question, and upon this contention the court said:

''We think it is clear that the Pure Food act was not intended to deprive cities and villages of the authority given by the provisions of article 5 of the City and Village act to regulate and control, by ordinances not in conflict with said Pure Food law, the sale of foods, including such regulation as provided in said section 1160 of the revised municipal code of Chicago. Municipal ordinances must be in harmony with the general laws of the State and with the municipal charter. In case of a conflict the ordinance must give way. The great weight of authority is to the effect that the legislature may confer police power upon a municipality over subjects within the provisions of existing State laws. An act may be a penal offense under the laws of the State, and further penalties, under proper legislative au-

thority, may be imposed for its commission by municipal ordinances. The enforcement of one would not preclude the enforcement of the other.''

The Supreme Court again approved the doctrine, and applied it in the case of *City of Decatur v. Schlick,* 269 Ill. 181, that a municipal ordinance is not invalid which penalizes acts already prohibited by statute, and used this language:

''Appellants concede in their brief that a municipal ordinance is not invalid by reason of prohibiting and penalizing acts already prohibited by statute. That such is the law we have decided in numerous cases, among which we are referred to *Wragg v. Penn Township,* 94 Ill. 11, *Hankins v. People,* 106 id. 628, and *City of Chicago v. Union Ice Cream Co.,* 252 id. 311.''

In the more recent case of *City of Litchfield v. Thorworth,* 337 Ill. 469, the court cited as authority the cases of *City of Chicago v. Union Ice Cream Mfg. Co., supra* and *City of Decatur v. Schlick, supra,* and said in sustaining the ordinance in question: ''The ordinance only undertakes to prohibit and penalize acts already prohibited by statute. A municipal ordinance passed under proper authority will not be declared invalid because it prohibits acts already prohibited by statute.''

This municipality no doubt had power under its charter to pass the ordinance in question. This delegation of power in the village charter together with the Cities and Villages Act, ch. 24, Cahill's Revised Statutes, leaves no question in the opinion of the court that the powers granted by the General Assembly of the State of Illinois are ample to sustain the ordinance making it unlawful for any person while intoxicated to operate any vehicle, within the limits of the village, and the Motor Vehicle Act itself clearly indicates the intention of the General Assembly to leave the power of municipalities to make traffic regulations in full

force except as to speed. Section 26 of this act is in part as follows:

". . . *Provided,* that nothing in this Act contained shall be construed as affecting the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor trucks and motor driven commercial vehicles used within their limits for public hire, or from making and enforcing reasonable traffic and other regulations except as to rates of speed not inconsistent with the provisions hereof." Cahill's St. ch. 95a, ¶ 27.

The ordinance in question provides a less penalty for violation of its terms than that provided for a violation of the section of the Motor Vehicle Act. This, however, does not affect the validity of the ordinance. The Supreme Court in the case of *City of Chicago v. Union Ice Cream Mfg. Co., supra,* said this in passing upon a like question: "This ordinance does not prohibit what the statute permits. While the ordinance attaches a less penalty for its violation than does the statute, we find no repugnancy between them. The general policy under both is the same."

We are of the opinion that the court below erred in quashing the complaint and in discharging the defendant, and the judgment and order of the criminal court will be reversed and the cause remanded.

*Judgment reversed and cause remanded.*

HALL, P. J., and WILSON, J., concur.