ROBERT HUNT *et al.,* Appellants, *vs.* THE CITY OF PEORIA
*et al.,* Appellees.

*Opinion filed January 22, 1964.*

McCONNELL, KENNEDY, McCONNELL & MORRIS, of
Peoria, for appellants.

MAX J. LIPKIN, of Peoria, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

Plaintiffs as members of the police force of the city of
Peoria brought suit against the city, its manager and police
and fire chiefs for a judgment declaring illegal, unconstitu-
tional and void a certain amendatory ordinance and com-
panion rules of the police and fire departments, and praying
that defendants be restrained from giving effect thereto.
Defendants' motion for summary judgment on the plead-
ings was allowed, and this appeal follows.

The amendments complained of authorized the city
manager to direct any department, division or bureau to
perform the work of or for any other department, division
or bureau, and to assign police officers and firemen to do
work for any other department. Following the adoption
of the ordinance, the rules of both police and fire depart-

ments were amended to add to the duties of the officers the performance of "various miscellaneous public services or such other duties as may be required and directed by the City Manager through the chain of command". The rule relating to the police patrol division was amended to add to its specific duties "the extingishment of fires, the saving of life and property from fire and the performance of various miscellaneous public services of an emergency nature." Training courses in fire fighting were provided for police who were required to participate therein if so ordered. The fire department rules were changed to subject firemen assigned to the police department to the chain of command therein, and also to provide for training courses in police work. Pursuant to these changes, plaintiffs were required to perform certain duties in the fire department and likewise certain firemen were assigned police duties.

Plaintiffs contend the ordinance is unconstitutional as being (1) beyond the express powers granted to the city, (2) inconsistent with State law, and (3) contrary to public policy. They recognize, however, that the city has not only those powers expressly granted to it, but also those powers "necessarily implied in or incident to the powers expressly granted, and those essential to the accomplishment of its declared objects and purposes." (*Merrill* v. *City of Wheaton,* 379 Ill. 504, 509, and cases there cited.) They further recognize that the Illinois Municipal Code (Ill. Rev. Stat. 1961, chap. 24, par. 1—1—1, *et seq.*) provides in section 11—1—1 that "The corporate authorities of each municipality may pass and enforce all necessary police ordinances" and that by section 11—1—2 "The corporate authorities of each municipality may prescribe the duties and powers of all police officers." They argue, however, that these sections are the sole source of the city's power to define the duties of a policeman, and that they must be strictly construed so as not to be repugnant to other statutes relating to the same subject.

Examination of the Code reveals other provisions as to duties of employees. Section 5—3—10 requires the city council to pass a general ordinance "(3) defining and prescribing the powers and duties of appointive officers and employees". This section goes on to provide: "The council or board may by such ordinance (1) assign appointive officers and employees to one or more of the departments, (2) require an appointive officer or employee to perform duties in 2 or more departments, (3) make such rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city or village." (Ill. Rev. Stat. 1961, chap. 24, par. 5—3—10.) Furthermore section 10—4—1 provides: "The corporate authorities of any municipality may provide by ordinance in regard to the relation of all municipal officers and employees in respect to each other, the municipality, and the people." It is also stated in section 1—9—1 that the provisions of the Code "shall be cumulative in effect" and that any inconsistent provision "shall be considered as an alternative or additional power and not as a limitation upon any other power granted to or possessed by municipalities."

It seems clear to us that by the above provisions of the Municipal Code ample authority is conferred upon the city council to prescribe the duties of the police and firemen, and also to assign them to duties in other departments, including adoption of appropriate rules relating thereto. As we said in *Sheridan* v. *Colvin,* 78 Ill. 237, 246: "If the council had the power to pass the ordinance, it must have the power to carry it into effect."

We have examined the contention that the ordinance conflicts with State law, and while we agree that local regulations must yield in such instances, we consider appropriate here the language used in *Littell* v. *City of Peoria,* 374 Ill. 344, 347: "Under our form of government the duty rests upon the State to preserve peace and order and protect life, liberty and property. This duty extends throughout the

State and into every political subdivision thereof. From such duty there flows the power of the State to prescribe by legislative enactment, the means by which peace and order shall be maintained and the fundamental rights protected. * * * The State in the exercise of such power may, for convenience of enforcement, impose a duty upon municipalities to assume a part of this burden of State government, and when a municipality is acting pursuant to such legislative direction it is engaged in a governmental function as an agency of the State government." Appellants have failed to establish any conflict between the ordinance adopted and the provisions of the Code above referred to.

Plaintiffs' final contention that the ordinance defining police duties so as to require policemen to perform fire department duties is contrary to public policy is without substance. In *Zeigler* v. *Illinois Trust and Savings Bank,* 245 Ill. 180, 193, this court said: "There is no precise definition of public policy, and consequently no absolute rule by which a contract can be measured or tested to determine whether or not it is contrary to public policy. Each case, as it arises, must be judged and determined according to its own peculiar circumstances. The public policy of the State or of the nation is to be found in its constitution and its statutes, and when cases arise concerning matters upon which they are silent, then in its judicial decisions and the constant practice of the government officials. [Citing cases.] Courts will not look to other sources to determine the public policy of a State." The various statutory references relied upon by appellants, such as the provisions of the Municipal Code relating to fire and police commissioners, neither expressly nor impliedly forbid the assignment of firemen or policemen to duties in other departments, and of these various statutes, most are contained in the Illinois Municipal Code of which sections 5—3—10 and 1—9—1 above referred to are an integral part. No constitutional provision nor any other statute outside the Municipal Code

indicating contrary expressions of public policy has been brought to our attention.

We therefore hold that the city of Peoria had the power to enact the ordinance and adopt the rules in question. Since the wisdom, necessity and propriety of such action are matters for legislative determination, they are not reviewable by us, there being no allegation of manifest and palpable abuse of discretionary power by defendants. (*Sheridan* v. *Colvin*, 78 Ill. 237, 246; *People ex rel. Adamowski* v. *Wilson*, 20 Ill.2d 568.) The judgment of the circuit court of Peoria County was correct and is affirmed.

*Judgment affirmed.*