*In re* GREGORY PRYOR, a Minor.—(The People of the State of Illinois, Petitioner-Appellant, *v.* Gregory Pryor, Respondent-Appellee.)

First District (3d Division)   No. 81—837

Opinion filed December 30, 1982.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Rhoda W. Davis, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

On August 30, 1980, the State filed a petition for adjudication of wardship alleging that Gregory Pryor, the minor, was delinquent in that he committed a robbery on or about August 29, 1980. A second petition seeking adjudication of the minor as an habitual juvenile offender was filed on September 2, 1980. On March 11, 1981, when the case was set for trial, the minor's counsel informed the court that the State's notice of intention to prosecute the minor as an habitual juvenile offender had not been filed simultaneously with the delinquency petition as required by section 5—12(b) of the Juvenile Court Act (Ill. Rev. Stat., 1979 Supp., ch. 37, par. 705—12(b)). The trial court thereupon dismissed the habitual juvenile offender petition because it was filed three days after the delinquency petition. The trial court took judicial notice that the delinquency petition was filed on Saturday, August 30, 1980; that the habitual juvenile offender petition was filed on Tuesday, September 2, 1980; and that Labor Day was on Monday, September 1, 1980. The trial court also ordered a stay of proceedings pending the State's appeal from that dismissal.

The sole issue raised in this appeal is whether the trial court erred in dismissing the habitual juvenile offender petition. Before reaching this issue, we must address the respondent's argument that this appeal should be dismissed because the order dismissing the habitual juvenile petition is not appealable by the State.

■ Supreme Court Rule 660(a) provides that appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases. (87 Ill. 2d R. 660(a).) Generally, the State's right to appeal in criminal cases is governed by Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)). (*E.g., People v. Montgomery* (1980), 84 Ill. App. 3d 695, 405 N.E.2d 1275.) In accordance with that rule, the State can appeal from the dismissal of a charge by indictment, information or complaint for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1979,

ch. 38, par. 114—1). It has been stated, however, that Rule 604(a)'s reference to section 114—1 of the Code was not intended to reduce the State's right to appeal in other factual situations where the substantive effect of the judgment or order resulted in a dismissal. (*People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819; *People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902.) Thus, although the reason for the dismissal of the petition in the instant case does not meet one of the grounds enumerated in section 114—1 of the Code, we hold that the State has a right to appeal the dismissal in the instant case.

■ The respondent also argues that the dismissal of the habitual juvenile offender petition was not a dismissal of "a charge" since the respondent still could have been prosecuted for the underlying offense of robbery in accordance with the delinquency petition. We believe that the dismissal of the habitual juvenile offender petition amounted to a dismissal of a charge as provided in Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)). See *In re R.L.K.* (1978), 67 Ill. App. 3d 451, 384 N.E.2d 531 (adjudications as a minor in need of supervision and as a delinquent based on commission of the same offense are separate charges subject to double jeopardy bar).

The relevant portion of section 5—12(b) of the Juvenile Court Act provides:

> "(b) Notice to Minor. The State shall serve upon the minor written notice of intention to prosecute under the provisions of this section simultaneously with the filing of any delinquency petition, adjudication upon which would mandate the minor's disposition as an Habitual Juvenile Offender." (Ill. Rev. Stat., 1979 Supp., ch. 37, par. 705—12(b)).)

The State argues that this provision should be given a directory rather than a mandatory construction so that its failure to file the habitual juvenile offender petition simultaneously with the delinquency petition should not have resulted in the dismissal of the former petition.

■ In accordance with the rules of statutory construction, the word "shall" generally is regarded as mandatory, although it may be construed as meaning "may" depending upon legislative intent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) Legislative intent is determined by examining the entire statute, its nature, its object, and the consequences that result from one construction over another. (*Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574, 2A A. Sutherland, Statutory Construction sec. 57.02, at 414 (4th ed. 1973).) Legislative intent also is implied from the presence or absence of negative words importing that the

act shall not be done in any other manner than that designated; and where a disregard of the provision would injuriously affect a public interest or private right, the provision is regarded as being mandatory. *Carrigan v. Illinois Liquor Control Com.*

In *In re Armour* (1974), 59 Ill. 2d 102, 319 N.E.2d 496, the Illinois Supreme Court construed the word "shall" as it appeared in another section of the Juvenile Court Act. The pertinent statute required the setting of an adjudicatory hearing within 30 days of the filing of the delinquency petition. Recognizing society's interest "for its own sake as well as for the minor's individual welfare in guiding and rehabilitating" (59 Ill. 2d 102, 104, 319 N.E.2d 496, 498), the court determined that the legislative intent was against a mandatory interpretation of the word "shall." As further support for this holding, the court noted the absence of express language requiring the discharge of the minor when an adjudicatory hearing is not held within the 30-day period.

The respondent attempts to distinguish the *In re Armour* holding by stating that the court in that case was compelled to give the word "shall" a directory interpretation to prevent the discharge of the minor. The respondent states that in the instant case, he still could be adjudicated a delinquent under the delinquency petition and the court could render an appropriate dispositional order. In further support of his argument for mandatory construction, the respondent notes that the word "shall" was given a mandatory interpretation with regard to the requirement that an habitual juvenile offender be committed to the Department of Corrections until the age of 21 (Ill. Rev. Stat., 1979 Supp., ch. 37, par. 705—12(a)). (See *People ex rel. Carey v. Chrastka* (1980), 83 Ill. 2d 67, 413 N.E.2d 1269.) He argues that different constructions of the word "shall" within the same statutory provision are incongruous.

We disagree with the respondent's contentions. We do not believe that the holding and rationale of *In re Armour* should be limited to factual situations where the juvenile offender would be discharged absent a directory construction of the word "shall." We also believe that the legislative intent was to give section 5—12(b) a directory construction since such an interpretation would best serve society's interest in seeking to correct continued juvenile criminal behavior and the minor's need for guidance and rehabilitation. This directory interpretation is not irreconcilable with the mandatory interpretation of the sentencing provision of the habitual juvenile offender statute since the interests of society and the welfare of the repeat juvenile offender are best served by a directory interpretation of the word "shall" in the

context of the filing of the adjudicatory petition and by a mandatory interpretation of the word "shall" in the context of the dispositional ruling. We therefore hold that the State's failure to file the habitual juvenile offender petition simultaneously with, or on the same date as, the delinquency petition should not have resulted in the discharge of the habitual juvenile offender petition.

For the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

McNAMARA and RIZZI, JJ., concur.