No. 2--99--0977

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE COUNTY OF McHENRY, ) Appeal from the Circuit Court

) of McHenry County.

Plaintiff-Appellant,
 )

)

v.
 ) Nos. 99--OV--2155

) 99--OV--2205

)

KATHRYN THOMA, ) Honorable

) John D. Bolger,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Following a bench trial, defendant, Kathryn Thoma, was found guilty of two counts of letting her dog run at large.  Defendant was charged with these offenses under a McHenry County department of health ordinance, but the State's Attorney's office prosecuted defendant for these violations.  Defendant was fined $8 on one count and $3 on the other count.  The trial court's order stated that both the $8 fine and the $3 fine included court costs.  The order also provided that the sentence was entered over the State's objection, but the order did not indicate to what the State, which represented McHenry County (County), specifically objected.  The County now appeals, arguing that the trial court erred in entering the order because the court did not assess various costs and fees and order defendant to pay these costs and fees.  We dismiss the appeal.

There are several reasons why this appeal must be dismissed. All of these reasons are premised on the general notion that a reviewing court is not a repository into which the appellant can  dump the burden of research.  
Obert v. Saville
, 253 Ill. App. 3d  677, 682 (1993).  

We initially note that the appeal must be dismissed because the record fails to show that the County preserved in the trial court the issues it now raises on appeal.  Specifically, the County has not submitted a report of proceedings or a suitable substitute to establish that its objection to the sentence, as reflected in the trial court's order, was an objection to the failure to impose costs and fees.  The County, as the appellant, has the burden of presenting a sufficiently complete record, and any doubts that may arise from an incomplete record must be resolved against the County.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92 (1984).  Because the record fails to show to what the County objected when the trial court entered its order, we conclude that the County has waived review of the arguments it raises on appeal.  
People v. Gemeny
, 313 Ill. App. 3d 902, 912 (2000).

Second, we note that the County has failed to establish that  this court has jurisdiction over this appeal.  The County claims that this court may hear this appeal under Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)).  The County argues that it may appeal this cause under the civil rules for appealing final judgments because ordinance violations are quasi-criminal and many of the civil rules apply in prosecutions for ordinance violations.  While this may be true, this court was not provided with a copy of the ordinance at issue here.  This court cannot take judicial notice of an ordinance unless the parties have supplied the court with a copy of the ordinance or the court has ready access to the ordinance.  
Thiede v. Tambone
, 196 Ill. App. 3d 253, 258 (1990).  Without access to this ordinance, we have no way of knowing, and we refuse to speculate, what the penalties for multiple offenses under the ordinance are and whether the ordinance is quasi-criminal.

The County also argues that this court has jurisdiction because the trial court's order was void, and void judgments may be attacked at any time.  In making this argument, the County relies on 
City of Chicago v. Roman
, 184 Ill. 2d 504 (1998), and 
People v. Malchow
, 306 Ill. App. 3d 665 (1999).  In both of these cases, the courts held that the State could challenge a defendant's sentence on appeal because the sentence that was entered was void.  
Roman
, 184 Ill. 2d at 510; 
Malchow
, 306 Ill. App. 3d at 676.  More specifically, in both of those cases, the sentences were void because each trial judge sentenced the defendant to a term of imprisonment that was not within the minimum sentencing provisions of the applicable law.  See 
Roman
, 184 Ill. 2d at 510 (trial court's order was void because minimum term of sentence under the ordinance was 90 days' imprisonment and the trial court sentenced the defendant to 10 days' community service); 
Malchow
, 306 Ill. App. 3d at 675 (trial court's order sentencing the defendant to 18 months' conditional discharge was void because under the applicable law the defendant's minimum sentence was 7 days' imprisonment).

Here, in contrast to both 
Roman
 and 
Malchow
, the County is not arguing that the trial court entered a sentence that was not within the minimum sentencing provisions for the offense.  Thus, 
Roman
 and 
Malchow
 are not applicable, and the County's argument must fail.

Finally, we note that the County failed to supply this court with copies of or citations to the ordinances that allegedly entitled the County to various costs and fees.  For example, the County claims that it is entitled to a $5 court fund fee, a $10 court security fee, a $5 court automation fee, and a $5 document storage fee.  The County argues that it is entitled to the $5 court fund fee under section 5--1101 of the Counties Code (Code) (55 ILCS 5/5--1101 (West 1998)), and the County claims that it can collect a $10 court security fee under section 5--1103 of the Code.  Both of these statutes provide that the county board may enact an ordinance to cover these fees.  The County has not provided this court with a copy of or citation to any type of ordinance that the county board enacted to cover these fees.  

Additionally, the County argues that it can collect a $5 court automation fee under section 27.3a of the Clerks of the Court Act (Act) (705 ILCS 105/27.3a (West 1998)), and the County claims that it has the right to collect a $5 document storage fee under section 27.3c of the Act.  Both of these statutes provide that the county board may require the county clerk to collect these fees.  The County failed to submit any documentation establishing that the McHenry county board required the county clerk to impose these costs.  Because the County failed to submit any ordinance or other documentation showing that McHenry County has enacted laws to take advantage of these various costs, we determine that the County's argument is waived.  See 
Thiede
, 196 Ill. App. 3d at 258.

For these reasons, the appeal from the order of the circuit court of McHenry County is dismissed.

Appeal dismissed.

GEIGER and HUTCHINSON, JJ., concur.