No. 2--08--0454

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF WHEATON, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07--DT--5695 |
| | ) | |
| MATTHEW LOEROP, | ) | Honorable |
| | ) | Cary B. Pierce, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the opinion of the court:

Defendant, Matthew Loerop, entered an open plea of guilty to driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2006)), as adopted by a Wheaton ordinance. The trial court sentenced him to one year of supervision and fined him $750. Defendant moved to reconsider, arguing that the $750 fine, which was the minimum fine allowed under the Wheaton City Code (Wheaton Code) (Wheaton City Code §70--602(1), (4) (eff. December 15, 2003)), was improper because the applicable state laws do not provide a minimum fine. The trial court denied the motion, and defendant timely appealed. On appeal, defendant argues that Wheaton may not require DUI defendants to pay a minimum fine when the applicable state laws do not set a minimum. We disagree, and, thus, we affirm.

In addressing the issue raised on appeal, i.e., whether Wheaton may impose a minimum fine for a DUI offense when the applicable state laws do not, we note, as the parties recognize, that this

court has already determined that a municipality may impose a minimum fine for a traffic offense if the state laws do not do so. See City of De Kalb v. White, 227 Ill. App. 3d 328, 330-31 (1992). Nevertheless, defendant urges us to reconsider White, as, under defendant's view, "White [is] inconsistent with the clear intent of the General Assembly that the Illinois Vehicle Code be uniform throughout the State and that no municipality may enact an ordinance in conflict with its provisions."

A consideration of the issue raised necessarily begins with the Illinois Constitution, which provides that local units of government may become home rule units.[1] Ill. Const. 1970, art. VII, §6. Home rule units may:

"[e]xcept as limited by this Section, *** exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare[.]" Ill. Const. 1970, art. VII, §6(a).

This power granted to home rule units does not have to be exclusive. Rather, home rule units may exercise power concurrently with the state. The Illinois Constitution dictates:

"Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." Ill. Const. 1970, art. VII, §6(i).

---

[1]As this court may take judicial notice of matters that are easily verifiable (see Cartwright v. Moore, 394 Ill. App. 3d 1, 5 (2009)), we observe that Wheaton is a home rule unit.

In determining whether a home rule unit may legislate in a specific area, we bear in mind that the "[p]owers and functions of home rule units shall be construed liberally." Ill. Const. 1970, art. VII, §6(m).

As can be seen, municipalities have expansive powers to govern as they deem proper. The only limits on a municipality's autonomy are those imposed by the Illinois Constitution or by the Illinois General Assembly exercising its authority to preempt municipalities in specific instances.

Given those limitations, the question then becomes whether the Illinois General Assembly preempted municipalities from setting minimum fines for those convicted of DUI. Citing sections 11--207 and 11--208.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11--207, 11--208.1 (West 2006)), defendant argues that Wheaton may not impose a minimum fine for DUI when the State does not. Section 11--208.1 provides:

> "The provisions of this Chapter of this Act, as amended, and the rules and regulations promulgated thereunder by any State Officer, Office, Agency, Department or Commission, shall be applicable and uniformly applied and enforced throughout this State, in all other political subdivisions and in all units of local government." 625 ILCS 5/11--208.1 (West 2006).

From this, defendant argues that Wheaton may not set a minimum fine for a DUI offense, because to do so would require that the Vehicle Code not be uniformly applied. To be sure, a reading of section 11--208.1 of the Vehicle Code might suggest that, because the DUI offense with which defendant was charged refers to a state charge that falls within the same chapter and act as section 11--208.1 of the Vehicle Code, Wheaton may not set a minimum fine for a DUI offense. However,

section 11--207 suggests otherwise. After again emphasizing that the provisions of the chapter should be applied uniformly throughout the state, section 11--207 states:

> "[N]o local authority shall enact or enforce any ordinance rule or regulation in conflict with the provisions of this Chapter unless expressly authorized herein." 625 ILCS 5/11--207 (West 2006).

Thus, in reading these sections together, Wheaton must apply the state DUI laws as written, so that those laws are uniform throughout the state, but Wheaton may enact other DUI laws as long as those additional laws are not in conflict with the applicable state laws. See Dundee Township v. Department of Revenue, 325 Ill. App. 3d 218, 223 (2001) ("[i]t is presumed that statutes which relate to the same subject are governed by one spirit and a single policy"). In determining whether there is a conflict, we must construe the relevant state statutes and the Wheaton Code. Examining these laws for a conflict presents a question of law, which we review de novo. Village of Mundelein v. Franco, 317 Ill. App. 3d 512, 517 (2000).

As relevant here, the Vehicle Code dictates that "[e]xcept as otherwise provided in this Section, any person convicted of violating subsection (a) of this Section is guilty of a Class A misdemeanor." 625 ILCS 5/11--501(b--2) (West 2006). Defendant was convicted under section 11--501(a)(2) of the Vehicle Code (625 ILCS 5/11--501(a)(2) (West 2006)), as adopted by a Wheaton ordinance. Section 5--9--1 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5--9--1 (West 2006)) delineates the maximum fine that may be imposed for various classes of crimes. Section 5--9--1(a)(2) of the Corrections Code provides that "for a Class A misdemeanor, [the maximum fine that may be imposed is] $2,500 or the amount specified in the offense, whichever is greater." 730 ILCS 5/5--9--1(a)(2) (West 2006). The Wheaton Code provides that "[t]he court,

upon making a finding of guilty for any offense under section 11--501 of the Illinois Vehicle Code *** in addition to any sentencing alternative elected by the court, shall impose a fine of not less than $750.00 nor more than $2,500.00 for each offense." Wheaton City Code §70--602(4) (eff. December 15, 2003).[2]

As noted, the Vehicle Code does not provide for a minimum fine. Rather, it merely sets a maximum fine of $2,500. In contrast, the Wheaton Code speaks to the issue of a minimum fine. That minimum fine is $750. The question with which we are left is whether a conflict arises when a municipal law sets a minimum fine and the applicable state laws do not. As noted, nothing prevents municipalities from exercising authority concurrently with the state. Village of Mundelein v. Hartnett, 117 Ill. App. 3d 1011, 1015 (1983). Indeed, state and municipal regulations addressing the same subject may differ as long as the municipal law is not inconsistent with the state statute. Hartnett, 117 Ill. App. 3d at 1015. A conflict arises when the municipal law infringes upon the spirit of the state law or is repugnant to the state's general policies. Hartnett, 117 Ill. App. 3d at 1015. In other contexts, courts have found that a municipal law may impose greater restrictions on particular rights than those the state imposes. See, e.g., Peters v. City of Springfield, 57 Ill. 2d 142, 152 (1974) (upholding ordinance providing mandatory retirement age for policemen and firemen lower than that specified by the state statute). Turning to the precise issue before us, we note that the applicable state laws do not provide for a minimum fine, and there is no indication that the municipal law infringes upon or is repugnant to the state laws. Thus, in accordance with the holding in White, we

---

[2]Although neither party has submitted the ordinance for our review, and on that basis we could find the issue forfeited (see County of McHenry v. Thoma, 317 Ill. App. 3d 892, 893 (2000)), we nevertheless choose to address the issue.

conclude that the Wheaton Code and the applicable state laws do not conflict and that Wheaton may impose a minimum fine even though the applicable state laws do not.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and SCHOSTOK, JJ., concur.