**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200506-U

Order filed September 22, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-20-0506 |
| v. | ) | Circuit No. 08-CF-378 |
| | ) | |
| JOSEPH POZNIAK, | ) | |
| | ) | Honorable Richard A. Zimmer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

**ORDER**

¶ 1    *Held*: A finding of a lack of probable cause at a preliminary hearing is not a final
        and appealable order.

¶ 2    The State appeals the trial court's finding that the State failed to establish probable cause

at a preliminary hearing. We dismiss the appeal for lack of jurisdiction.

¶ 3                              I. BACKGROUND

¶ 4 On September 2, 2008, the State charged defendant by information. Count I alleged defendant committed aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a), (d)(1)(A) (West 2008)). That charge was enhanced by defendant's two prior DUI convictions. Count II alleged defendant committed aggravated DUI (625 ILCS 5/11-501(a), (d)(1)(G) (West 2008). Count III alleged defendant committed driving while license revoked (625 ILCS 5/6-303(d) (West 2008). Counts II and III were enhanced because defendant's license was revoked at the time and defendant had previously been convicted of driving while his license was revoked or suspended.

¶ 5 Defendant posted bond but failed to appear at the subsequent hearing on September 5, 2008. The court issued a warrant for his arrest. On July 15, 2020, defendant was arrested.

¶ 6 On October 14, 2020, the cause proceeded to a preliminary hearing. At the hearing, the State did not offer any evidence of defendant's prior convictions for DUI or driving while license revoked or suspended. The court noted this. Without such evidence, the court concluded that there was no probable cause to support a felony offense against defendant.

¶ 7 The State did not attempt to refile or amend the charges. Instead, the State appeals.

¶ 8 II. ANALYSIS

¶ 9 At the outset, we must consider our jurisdiction. During the pendency of the appeal, defendant filed a motion to dismiss the appeal for lack of jurisdiction. We denied the motion. Defendant reasserted this argument in his brief. Defendant contends that a finding of a lack of probable cause at a preliminary hearing is not a final and appealable order. The determination of whether the appellate court has jurisdiction to consider an appeal is a question of law, which we review *de novo*. *People v. Shinaul*, 2017 IL 120162, ¶ 8.

¶ 10        The State's right to appeal is governed by Illinois Supreme Court Rule 604(a)(1), which provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017).

Section 114-1 of the Code of Criminal Procedure of 1963 does not make a reference to an order or judgment which finds the State failed to make a showing of probable cause at a preliminary hearing. Thus, the order appealed from in this case does not come within the express provisions of Rule 604(a)(1). However, the provisions set forth in section 114-1 are not exclusive. See *People v. Lawson*, 67 Ill. 2d 449, 456 (1977). Where the substantive effect of the trial court's order is dismissal of the criminal charges against the defendant, the State may appeal the order under Rule 604(a)(1) even if the order does not meet one of the grounds enumerated in section 114-1. See *In the Interest of Pryor*, 111 Ill. App. 3d 851, 853 (1982).

¶ 11        Upon review, we conclude that we lack jurisdiction. A finding of a lack of probable cause is not an acquittal and is not final, as the State may later indict the accused or submit a new information. *People v. Zook*, 177 Ill. App. 3d 62, 63 (1988). In other words, a finding of no probable cause at a preliminary hearing does not, in itself, bar proceeding on a new information charging the same offenses and with a new preliminary hearing. *People v. Overstreet*, 64 Ill. App. 3d 287, 289 (1978). Since a preliminary hearing finding does not constitute either a conviction or

an acquittal, a defendant is not placed in jeopardy. *People v. Harris*, 52 Ill. 2d 558 (1972). Consequently, under the facts of this case, the State cannot appeal from a finding of no probable cause at a preliminary hearing. See *People v. Kent*, 54 Ill. 2d 161, 164 (1972).

¶ 12    In reaching this conclusion, we reject the State's argument that the finding of no probable cause had the substantive effect of dismissing the charges. The State notes that it filed the information in 2008. The State believes it cannot seek a new indictment or information because more than three years have passed since the date of the offense. See 720 ILCS 5/3-5(b) (West 2020) (prosecution must be commenced within three years after the commission of the offense). However, the limitation period can be tolled. For example, the limitations period is tolled when "a prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal." 720 ILCS 5/3-7(a)(3) (West 2020). The State did not attempt to refile or amend the charges. The State has not argued that such an attempt would be futile. We do not know if such an attempt would be successful. Unless and until the State makes such an attempt, we are not convinced the order in this case is final and appealable.

¶ 13                               III. CONCLUSION

¶ 14    For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

¶ 15    Appeal dismissed.