(No. 15697.—Reversed and remanded.)

A. P. TUCKER, Appellee, *vs.* GEORGE COLEMAN, Appellant.

*Opinion filed December 19, 1923.*

ELECTIONS—*when election should not be declared void for mistake of city clerk in preparing ballots.* The fact that the city clerk, in preparing ballots for a city election, placed thereon, by mistake, the names of candidates for the office of city attorney, which office was not elective but appointive, does not justify the court, in a contest over the election of mayor, in declaring the election void because of such mistake, where no legal voter was deprived of his vote and no harm was done to anyone.

APPEAL from the Circuit Court of Mason county; the Hon. HARRY HIGBEE, Judge, presiding.

A. M. FITZGERALD, E. P. NISCHWITZ, and W. A. RUEGG, for appellant.

JOSEPH E. BARNES, and HAL M. STONE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Mason county in an election contest. The election was held April 17, 1923, for city officers of the city of Havana, in said county, including the mayor, and the city council, after canvassing the returns, found that appellant, George Coleman, candidate for mayor on the democratic ticket, had received 845 votes, and appellee, A. P. Tucker, candidate for mayor on the republican ticket, had received 843 votes, and that Coleman was elected. Tucker thereupon filed a contest, alleging that certain persons voted who were not qualified voters and that various requirements of the Election law were not complied with, and asked for a re-count of the ballots. After a demurrer to the petition had been overruled appellant filed his answer. The ballots were produced by the city clerk, and the court allowed them in evi-

dence and the count of the ballots was commenced. During the count appellee asked and obtained leave of court to amend his petition by alleging that all the ballots cast at the election in the third ward were void because they contained under the democratic ticket the words, "For City Attorney, E. P. Nischwitz," and under the republican ticket the words, "For City Attorney, J. E. Barnes," with a square in front of each name. Thereupon, on motion of petitioner, the court excluded all the ballots of the third ward, and on its own motion also excluded the ballots of the first and second wards, there being three wards in the city. The court thereupon entered a decree finding that there were no legal ballots cast at the election for either Coleman or Tucker, and that the election was void and that neither Coleman nor Tucker was elected mayor.

The question for decision in this case is whether the action of the court was proper in throwing out all the ballots because they contained the names of two candidates for city attorney. Under the law as it existed before 1919 the office of city attorney was elective. (Hurd's Stat. 1917, sec. 2, p. 327.) In 1919 the statute was amended so that the city attorney is appointed by the mayor. (Smith's Stat. 1923, sec. 2, p. 229.) Apparently the city clerk was not aware of this change in the statute and none of the officers or citizens of Havana called his attention to it. There is no claim or suggestion in the briefs that the city clerk acted with anything but good faith in thus including the office of city attorney among those to be voted upon at this election.

The fundamental purpose of an election is that every qualified voter may freely and fairly cast his ballot for the candidates of his choice or for or against a public measure as he wishes and that the votes shall be fairly and accurately counted and the result properly announced. In order, however, that there shall be such a free and fair vote and proper count of the ballots it has been found necessary to provide

by law a certain procedure under which the election and canvass shall be held. The difficulty in deciding certain election contests frequently arises from the fact that by enforcing with too great technical exactness the rules prescribed for obtaining a fair election and honest count the very object of those rules may be defeated, while, on the other hand, there is the danger that if departures from the rules prescribed by the Election law are overlooked and allowed to continue and elections are held legal notwithstanding such departures, the rules themselves will become obsolete and valueless for the purpose for which they were enacted. There is a manifest difference, however, between a ruling which would deprive an individual voter of his vote because of his own failure to follow the Election law, and a holding which would deprive the voters of a whole precinct of their votes because of the acts of the judges and clerks of election over which the individual voter had no control. It becomes a much graver matter to throw out the vote of an entire city because of the unintentional error of some official charged with carrying out the Election law, particularly when the error did not deprive any citizen of his right to vote and have his vote counted. "In an unbroken line of decisions this court has held that while the legal safeguards which are thrown about the ballot must be faithfully observed by those who have been entrusted with their enforcement, yet under the pretense of enforcing them the will of the people should not be defeated by an honest mistake of election officials; that the literal compliance with prescribed forms will not be required if the spirit of the law is not violated; that forms should be subservient to substance, when no legal voter has been deprived of his vote and no harm or injury of any kind has been done to anyone." (*People* v. *Graham,* 267 Ill. 426, and cases there cited in support of this rule.) The printing of the names of the candidates for city attorney on the official ballot was

an honest mistake of the official, and so far as shown by this record no legal voter was deprived of his vote and no harm or injury was done to anyone thereby. We are of the opinion that the entire number of ballots of this election should not be thrown out because the names of the candidates for city attorney were printed thereon in good faith by the officer charged with the preparation of the ballots.

Counsel for appellant also contend that the trial court only had power to decide in this election contest whether the contestant received more votes than his opponent, and that the court did not have the right to decide that there was no election at all. They also contend that the court should not have allowed the contestant to amend his sworn petition under the circumstances of this case. In view of our holding on the question as to the right of the trial court to throw out all the ballots it is not necessary to decide these points last mentioned.

While no case raising precisely the question here involved has been passed upon by this court, in *Peabody* v. *Burch*, 75 Kan. 543, the Supreme Court of that State had a very similar question before it and reviewed the authorities in that and other States, and held that a mistake by a public official in printing the ballots, such as here under discussion, would not justify refusal to count the ballots marked on the ticket. All that is said in that case is in full accord with the conclusion reached in this opinion on this point.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to proceed with a re-count of the ballots in accordance with the views herein expressed.

*Reversed and remanded, with directions.*