(No. 34567.—

ALLEN H. HESTER, Appellee, *vs.* LOUIS F. KAMYKOWSKI *et al.,* Appellants.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

483

Posanski, Johannsen, Krohn and Jacobs, of Chicago, (Roman E. Posanski, and Charles D. Snewind, of counsel,) for appellants.

McCoy and Black, and Moore, Ming & Leighton, both of Chicago, (William R. Ming, Jr., Walter K. Black, and Kimball Smith, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Allen H. Hester, a resident and qualified voter of the village of Phoenix, filed a petition in the county court of Cook County to declare void the election of John Falica as village clerk and of Louis F. Kamykowski as police magistrate of the village. The court found that the form of ballot used did not conform to the requirements of law, and judgment was entered declaring the election of respondents null and void. This appeal followed.

There is no dispute as to the facts. On April 16, 1957, a regular election was held for the offices of village president, clerk, trustees, and police magistrate. The respondents, who ran as candidates of the Good Government Party, were opposed by certain independent candidates for whom a write-in campaign was conducted. For the office of village clerk John Falica received a vote of 711 as against 443 for his opponent. For the office of police magistrate Louis F. Kamykowski received 694 votes to 451 for his opponent.

The form of ballot consists of only one column, in which the names of candidates of the Good Government

Party appear underneath the respective offices to be filled. No other names were on the ballot, nor were spaces provided to indicate where the names of write-in candidates might be inserted by the voter. The right half of the ballot was left completely blank, without designation of office to be filled, line for the writing of a name, or square for the marking of a cross.

On the back or outside of the ballot there appears a facsimile of the signature of John Falica, the incumbent clerk, but nothing appears to indicate his official capacity. The back does not bear the designation "Official Ballot" nor does it show the date of the election. Neither on the face nor on the back is there a designation of the polling place for the particular ballot, although four polling places were used in the election. Examination of a ballot introduced as an exhibit further discloses that the printing thereon can easily be read through the paper.

It is required by statute that "On the back or outside of the ballot, so as to appear when folded, shall be printed the words 'Official Ballot,' followed by the designation of the polling place for which the ballot is prepared, the date of the election and a facsimile of the signature of the clerk or other officer who has caused the ballots to be printed. The ballots shall be of plain white paper, through which the printing or writing cannot be read." (Ill. Rev. Stat. 1955, chap. 46, par. 16—3.) Respondents do not deny that except for the facsimile signature these provisions were not complied with. It is urged, however, that they are merely directory in nature, and that the defects in the form of ballot are inconsequential irregularities which do not affect validity.

A proper determination of the question presented depends upon whether the statutory requirements were intended to be mandatory or merely directory. Failure to comply with a mandatory provision will render void the

proceeding to which it relates, whereas the strict observance of a directory provision is not essential to validity. Where a statute, in prescribing the duties of officials in the holding of elections, expressly provides that the omission to perform them shall render the election void, then the courts are bound to give effect to the provision and pronounce the election void. But if the statute, as in most cases, merely prescribes the performance of certain acts in a particular manner, and does not declare that compliance is essential to the validity of the election, then the court must look to its purpose in deciding whether compliance is mandatory or directory. *People ex rel. Cant* v. *Crossley,* 261 Ill. 78, 102.

It is not intended, of course, that directory provisions may be disregarded. All the requirements of election laws are mandatory in the sense that they impose the duty of obedience on those who come within their purview. But it does not follow from this that every departure or omission should vitiate the ballot or proceeding in question. Where the effect of a failure to comply is not prescribed, the courts must determine the matter from a consideration of the entire statute, its nature, its object, and the consequences which would result from construing it one way or the other. (*People ex rel. Agnew* v. *Graham,* 267 Ill. 426, 436.) In such an inquiry a literal compliance with prescribed forms should not be required if it appears that the spirit of the law has not been violated and the result of the election has been fairly ascertained. (*People ex rel. Woods* v. *Green,* 265 Ill. 39.) The whole purpose of the ballot as an institution is to obtain a correct expression of intention; and if in a given case the voter's intention can be gathered from the ballot it should be given effect despite irregularities of form, unless they are such as would tend to destroy the secrecy of the ballot. *Gulino* v. *Cerny,* 13 Ill.2d 244; *Parker* v. *Orr,* 158 Ill. 609.

In *People ex rel. Agnew* v. *Graham,* 267 Ill. 426, this court observed as follows: "Questions affecting the fairness of elections are of vital importance in this country. Popular self-government depends upon their proper solution. The late Justice Brewer, in discussing these questions in an opinion said: 'The problem is to secure, first, to the voter a free, untrammeled vote; and secondly, a correct record and return of the vote. It is mainly with reference to these two results that the rules for conducting elections are prescribed by the legislative power. But these rules are only means. The end is the freedom and purity of the election. To hold these rules all mandatory and essential to a valid election is to subordinate substance to form,— the end to the means. Yet, on the other hand, to permit a total neglect of all the requirements of the statute and still sustain the proceedings is to forego the lessons of experience and invite a disregard of all those provisions which the wisdom of years has found conducive to the purity of the ballot-box. Ignorance, inadvertence, mistake, or even intentional wrong, on the part of local officials should not be permitted to disfranchise a district. Yet rules,—uniformity of procedure,—are as essential to secure truth and exactness in elections as in anything else. Irregularities invite and conceal fraud.' " We further said in that same case, that while the legal safeguards which are thrown about the ballot must be faithfully observed by those who have been entrusted with their enforcement, yet under the pretense of enforcing them the will of the people should not be defeated by an honest mistake of election officials; that the literal compliance with prescribed forms will not be required if the spirit of the law is not violated; that forms should be subservient to substance when no legal voter has been deprived of his vote and no harm or injury of any kind has been done to anyone. Of like effect are pronouncements in the cases of *Weston* v. *Markgraf,* 328 Ill. 576, and *Stroud* v. *McCallen,* 386 Ill. 103.

Applying the foregoing observations to the statute involved here, we think its requirements as to the form of ballot are directory only, and that a failure to strictly comply does not necessarily render the ballot void. The statute does not expressly declare the provisions to be mandatory or compliance to be essential to the validity of an election. Accordingly, an election will not be defeated by a failure to strictly comply with them, providing the irregularity has not hindered or prevented anyone from exercising his right of suffrage and has not affected the merits of the election. Mere inadvertence, mistake, or ignorance in failing to observe each requirement does not necessarily void the ballot or the election, so long as the voter's intention may be clearly ascertained, no voter is disfranchised, fraud is not present, and secrecy of the ballot is not impaired. On the other hand, however, if the failure to comply with the statutory provisions in the particular case affects the secrecy of the ballot, disfranchises any voter, or results in the perpetration of a fraud, the ballot may be pronounced void.

In the instant case the form of ballot failed to disclose on the back or outside the words "Official Ballot" and the date of the election, nor did it anywhere designate the polling place for the particular ballot although there were four polling places in the election. These omissions, so far as the record discloses, were the result of unintentional or inadvertent error, and nothing appears to indicate that any legal voter was deprived of his vote or that any harm or injury resulted therefrom. We are of the opinion that under the present circumstances these irregularities, standing alone, would not, of themselves, justify throwing out the entire number of ballots. (*Tucker* v. *Coleman,* 310 Ill. 450.) Expressions of this court to the contrary in *People ex rel. Mattingly* v. *Snedecker,* 282 Ill. 425, and other decisions relied upon by the appellee, insofar as they construe the requirements as mandatory regardless of the circumstances and effects in the particular case, represent

an unduly strict application and can no longer be accepted as correctly stating the rule. By enforcing with too great technical exactness the provisions concerning the form of ballots the very object of those provisions in securing a fair election may be defeated.

The irregularities in the form of ballot used in the present election are not confined, however, to the absence of required information on the outside thereof and the designation of a polling place. A defect of a more serious nature appears in the quality of paper used, which was such as to permit the printing or writing to be seen through the ballot. The evident purpose of the relevant statutory safeguard is to protect the secrecy of the ballot. To uphold the validity of ballots printed on paper which substantially fails to meet the requirement would defeat this purpose and tend to overthrow the safe conduct of elections. Moreover, inadequate provision was' made for write-in votes on the ballots in question here, for no blank line appears to indicate the place where a name might be written in for a particular office, and a write-in voter would be obliged to identify or designate the office as well as the name of the candidate. Such deficiencies clearly tend to discourage any voting for candidates other than those whose names appeared on the ballot, and raise serious doubts as to whether the ballots were appropriate for obtaining a free and untrammeled expression of choice. The combination of irregularities present here indicate an infringement of the secrecy of the ballot and the possibility of disfranchisement or fraud, and compel us to agree with the trial court that the ballots in this election were fatally defective in form. It follows that the election of respondents was properly held invalid.

It is contended that the county court lacked jurisdiction because elections for two different offices were sought to be contested by the same petition. Respondents rely on *Brown-*

*ing* v. *Gorman*, 261 Ill. 617, wherein it was held that the election of a supervisor and a commissioner of highways could not be contested in the same proceeding. The decision was based upon a construction of statutory provisions now appearing as sections 23—19, 23—20, 23—21 and 23—26 of the Election Code. (Ill. Rev. Stat. 1955, chap. 46, pars. 23—19, 23—20, 23—21, and 23—26.) The petition in that case, however, involved a recount of votes, and sought a declaration that certain persons had been elected. Under such circumstances it is evident that the results might vary as between the different offices in dispute. The petition in the case at bar, on the other hand, seeks to void the election, as to the offices in question, on the ground that the form of ballot was unauthorized by law. The issues and judgment must therefore be identical as to both offices, and the legislative intent to require separate proceedings where it is sought to declare a particular person elected does not apply. The distinction is recognized in section 23—26, which provides that "The judgment of the court in cases of contested election, shall confirm or annul the election according to the right of the matter; or, in case the contest is in relation to the election of some person to an office, shall declare as elected the person who shall appear to be duly elected." The present case concerns the validity of the election itself; and the *Browning case*, which involved a determination of "the person" duly elected, is not controlling.

It is also urged that the failure to join as defendants the persons elected as president and trustees was error requiring reversal. Under this contention respondents recognize that the petition does not seek a recount but a declaration that the election was void because of an improper form of ballot. They argue that if the election was void for the offices of village clerk and police magistrate it was also void as to the office of village president, and that the

judgment thus affects the interests of persons not made parties to the proceedings. The contention cannot be sustained. The judgment does not purport to affect the election for offices other than clerk and police magistrate, and they are not involved here. *Weeden* v. *Gher,* 316 Ill. 534, upon which respondents rely, is distinguishable. That case involved an election to an office for which there were three candidates, with two to be elected. One of the candidates was not made a party to the proceedings, although the petition alleged, and the trial court found, that he was legally elected. It was held that since a judgment could not be entered without materially affecting his interests he was a necessary party. No such circumstances are present here. The petition in the case at bar seeks to declare the election void as to the offices of clerk and police magistrate. The interests of persons elected to other offices are not involved.

Respondents finally complain that the court abused its discretion in refusing to transfer the case to the circuit court of Cook County, wherein a suit had been filed by the same petitioner seeking to contest the election of one Bernard G. Smuczynski as president of the village board. No citations of authority are afforded in support of the present contention. It appears that no request for transfer was made until the day of the hearing. We think that under the circumstances in this case there was no abuse of discretion in denying the motion to transfer.

The judgment of the county court will be affirmed.

*Judgment affirmed.*