ROBERT GLENN, Petitioner-Appellant, *v.* JAMES RADDEN, Respondent-Appellee.

Fifth District   No. 5—83—0860

Opinion filed August 16, 1984.

William C. Evers III, of Collinsville, for appellant.

Phillip A. Montalvo, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner Robert Glenn appeals a judgment of the circuit court of St. Clair County. In that action, petitioner challenged the election of

respondent James D. Radden to the office of Republican State Central Committeeman for the 21st congressional district. The issue presented is whether the court erred in holding that certain technical violations of the Illinois Election Code (Ill. Rev. Stat. 1981, ch. 46, par. 1—1 *et seq.*) did not invalidate the election.

Petitioner and respondent opposed one another as candidates for state central committeeman in the Republican primary election held on March 16, 1982. Prior to an official canvass completed on March 22, 1982, petitioner and respondent each were ascribed a total of 5,592 votes. After the canvass, respondent was ascribed 5,595 votes, and petitioner was ascribed 5,593 votes. The four additional votes were the result of four absentee ballots which were opened and counted for the first time by the county canvassing board. The board consisted of Alvin Schneider, county clerk; Robert Barutta, Democratic precinct committeeman; and Bernice Mihalik, Republican precinct committeewoman.

LaVerne Russell, an employee of the county clerk's office, testified that a total of eight absentee ballots (four Democrat and four Republican) were brought before the board on March 18, 1982, the first day of the canvass. The ballots had been locked away prior to the canvass. The county clerk informed the board that the ballots had been delivered to the wrong precincts and had not been previously counted. The absentee ballots had been cast by registered voters in the county who had not cast regular ballots in the primary. Ms. Russell stated that it was the common practice of the canvassing board to count absentee ballots in such a situation. The ballots were opened and counted in the presence of the entire board. Diana Clark, an observer present at the canvass on behalf of petitioner, verified the essential facts contained in Ms. Russell's account of the procedure utilized to count the ballots, and testified that she (Ms. Clark) observed nothing to indicate that the absentee ballots were altered or fraudulently tabulated. Mr. Stephen Schneider, chief deputy county clerk at the time of the election, testified that he did not know what time the ballots were received by the clerk's office.

Mr. Glenn's petition to contest election was filed on April 12, 1982. Following a bench trial on December 1, 1983, the court found that there had been violations of the election code in the procedures utilized by the county clerk's office, but that the violations had not affected the fairness of the election. From an order of December 9, 1983, entering judgment for respondent, petitioner appeals.

The authority of a county canvassing board is delimited by section 22—1 of the Election Code (Ill. Rev. Stat. 1981, ch. 46, par. 22—1), which reads in part:

"The powers and duties of the county canvassing board are

limited to those specified in this Section. In no event shall such canvassing board open any package in which the ballots have been wrapped or any envelope containing "defective" or "objected to" ballots, or in any manner undertake to examine the ballots used in the election, except as provided in Section 22—9.1 or when directed by a court in an election contest. Nor shall such canvassing board call in the precinct judges of election or any other person to open or recount the ballots."

The procedure for counting absentee ballots is set forth in section 19—8 of the Election Code, which reads in part:

"All absent voters' ballots received by the election authority after 12:00 noon on election day or too late for delivery to the proper polling place before the closing of the polls on election day, except ballots returned by mail postmarked after midnight preceding the opening of the polls on election day, shall be counted in the office of the election authority on the day of the election after 6:00 p.m. All absent voters' ballots delivered in error to the wrong precinct polling place shall be returned to the election authority and counted under this provision.

Such counting shall commence no later than 8:00 p.m. and shall be conducted by a panel or panels of election judges appointed in the manner provided by law. Such counting shall continue until all absent voters' ballots received as aforesaid have been counted."

■ There is no question that the county clerk's office failed to follow the statutory procedure for tabulating absentee ballots, and that the county canvassing board exceeded its authority in opening and counting the ballots. The issue is whether the statutory provisions so violated are properly characterized as "mandatory," invalidating all procedures which do not strictly comply with the provisions, or "directive," invalidating only those procedures which fraudulently or unjustly affect the result of the election. Such provisions are mandatory if the statute expressly provides that noncompliance will render an election void. (*Hester v. Kamykowski* (1958), 13 Ill. 2d 481, 485, 150 N.E.2d 196.) Where, as in the instant case, the effect of noncompliance is not expressly prescribed by the statute, a court must determine the effect by considering the object of the legislature in enacting the statute and the consequences of attributing various meanings to the statutory language. 13 Ill. 2d 481, 485.

■ There is, of course, a sense in which all election laws are mandatory, since the laws exist to preserve the integrity of republican government, and impose a duty of obedience on all persons within their

scope. (*People ex rel. Harris v. Powell* (1966), 35 Ill. 2d 384, 387, 221 N.E.2d 384, citing *Hester v. Kamykowski* (1958), 13 Ill. 2d 481, 485.) Nevertheless, not every departure from statutory prescriptions will vitiate an election. (*People ex rel. Harris v. Powell* (1966), 35 Ill. 2d 384, 387.) Where noncompliance does not result in fraud, voter disenfranchisement, or unfair conduct affecting the outcome of an election, the failure to comply with technical duties will not render the election void. *Hester v. Kamykowski* (1958), 13 Ill. 2d 481, 485.

■■ In the instant case, it is not alleged that the failure of the county clerk and the canvassing board to follow the statutory procedures engendered fraud or prevented registered voters from exercising a free and intelligent choice. Petitioner's argument, rather, is that the irregular procedures employed, simply by reason of their irregularity, impugned the honesty of the electoral process. The failure of election officials to follow the legislatively prescribed procedure for counting absentee ballots is not excused by the fact that such a failure was sanctioned by local custom. The record fails, however, to provide evidence that the consequences of noncompliance affected the fairness of the election. Indeed, fundamental injustice would result if this court were to effectively disenfranchise the qualified absentee voters whose ballots, through no fault of the voters, were counted according to an irregular procedure, even though the irregularity did not engender fraud. Neither the integrity of the election process nor the objectives of the legislature in enacting sections 22—1 and 19—8 would be served by such a holding.

The trial court accurately weighed the consequences of the election officials' noncompliance with sections 22—1 and 19—8 of the Election Code in light of the objectives of the entire statute, properly characterizing the violated statutory prescriptions as directive. The judgment is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.