VERNICE QUARLES, d/b/a 87th Street Cut Rate Liquor & Grocery, *et al.*, Plaintiffs-Appellants, v. WALTER S. KOZUBOWSKI, Chicago City Clerk, *et al.*, Defendants-Appellees (Doretha Strong *et al.*, Intervening Voters-Appellees; Marian Humes, Intervenor-Appellee).

First District (5th Division)   No. 86—2983

Opinion filed March 27, 1987.

Gilbert Freedman, of Bryer & Freedman, of Chicago, for appellant Vernice Quarles.

Alan S. Madans and Roger J. Guerin, both of Rothschild, Barry & Meyers, of Chicago, for appellant Southland Corporation.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee Walter S. Kozubowski.

Michael Levinson, of Chicago, for appellee Board of Election Commission of City of Chicago.

Aldus S. Mitchell, of Mitchell, Williams, Holland & Rux, of Chicago, for appellees Doretha Strong, Eddie Jones, and Ollie Smothers.

Arthur R. Weddy, of Chicago (Donald Hubert, of counsel), for appellee Marian Humes.

JUSTICE MURRAY delivered the opinion of the court:

This is an expedited appeal by plaintiffs, Vernice Quarles d/b/a 87th Street Cut Rate Liquor & Grocery (Quarles) and The Southland Corporation (Southland) from a decision of a trial court holding that petitions for a local referendum complied with the requirements of the Illinois Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 93.9 et seq.).

Walter S. Kozubowski, city clerk of the city of Chicago, has filed a cross-appeal contending he is not a proper party to the proceedings. The undisputed facts are as follows:

Quarles and Southland hold licenses for the selling of alcoholic liquor at retail from their respective premises located in the 50th precinct of the 8th ward in Chicago, Illinois.

On August 5, 1986, the defendant city clerk certified to the defendant board of election commission of the city of Chicago (board) that petitions purporting to be signed by at least 25% of the legal vot-

ers of the 50th precinct of the 8th ward of the city had been filed with his office on August 4, 1986. The petitions requested the following proposition be placed on the ballot:

"Shall the sale of alcoholic liquor be prohibited in this 50th precinct of the 8th ward of the City of Chicago?"

On September 29, 1986, more than 30 days before the election scheduled for November 4, 1986, plaintiffs filed their "verified complaint to contest validity of petitions for a local option election." The complaint sought to enjoin the defendant board from submitting the liquor proposition to the precinct voters of the 50th precinct of the 8th ward. The then alderman[1] of the ward, Marian Humes, and three voters in the precinct, Doretha Strong, Eddie Jones and Ollie Smothers, intervened in the litigation.

On October 25, 1986, the trial court found the petitions complied with the requirements of the Illinois Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, pars. 167, 169). Based on this finding, the court dismissed the action. Prior to this action, the trial court denied a motion of the city clerk to be dismissed as a defendant. The plaintiffs appealed the decision on October 28, 1986, and the city clerk cross-appealed.

The election was held on November 4, 1986. The proposition carried by a vote of 231 ayes and 44 nays. On appeal Quarles and Southland contend that the petitions were deficient in the following respects:

(1) The petitions failed to include the statutory required information that the proposition was to be submitted to the precinct voters at the next election.

(2) The petitions failed to include the correct name of the licensees.

(3) The petitions had an erroneous description of the precinct boundaries.

(4) The petitions fail to include the words "at retail" or "of the city of Chicago" in the proposition to be submitted to the voters.

The board and city clerk do not argue the substantive and procedural merits of the case, but only question which agency has the duty to defend an action attacking the legal sufficiency of petitions for a local option referendum—the board, city clerk, or both.

---

[1]Note: A female member of the city council probably should be described as an alderwoman or alderperson. However, the Illinois Municipal Code described members of a city council as "aldermen." Ill. Rev. Stat. 1985, ch. 24, par. 1—1—2.

The intervening voters, Strong, Jones, and Smothers, argue the sufficiency of plaintiffs' complaint, the adequacy of the referendum petitions and that the board, rather than city clerk, is the proper party to defend the action.

Alderman Humes argues the issue of the mootness of the case by reason of the election and the issue of the adequacy of the petitions. There is some merit to the alderman's contention as to mootness because of the result of the election and the failure of the plaintiff to seek any stay order until after the election. Only after the election did Quarles and Southland seek and obtain a stay from this court to stop the force and effect of the November 4, 1986, election and to permit them to remain in operation during their appeal.

The Illinois Liquor Control Act requires a petition to contest the validity of petition for a liquor sale referendum to be filed 30 days prior to the date of the election. (Ill. Rev. Stat. 1985, ch. 43, par. 169.) The purpose of this procedural requirement is to effectuate what has not occurred in this case, *i.e.*, the determination of the validity of petitions before the trouble and expense of election and the prevention of a challenger from gambling on the election's outcome. *Liquor Hut, Inc. v. Marcin* (1980), 84 Ill. App. 3d 718, 719, 406 N.E.2d 139.

Plaintiffs' reliance on the recent case of *Walgreen Co. v. Illinois Liquor Control Commission* (1986), 111 Ill. 2d 120, 488 N.E.2d 980, as indicating a lack of mootness is misplaced. In that case, Walgreen filed a motion to stay the effect of the trial court's order certifying the local option question for placement on the ballot. That was not done by plaintiffs in this case. Further, a constitutional issue was raised in *Walgreen*. No such issue is raised in this case.

■ Despite the merits of the alderman's contention as to mootness, the court will decide the issues. An exception to the dismissal of a case on account of mootness is damage done to a plaintiff as a result of the election. (*Boytor v. City of Aurora* (1980), 81 Ill. 2d 308, 410 N.E.2d 1.) Here the effect of the election is to deprive plaintiff of valuable license privileges. Also, the issues in this case involve a matter where there is a substantial public interest. *Wheatley v. Board of Education* (1984), 99 Ill. 2d 481, 459 N.E.2d 1364.

On the merits, the trial court is affirmed.

The involved petitions for a referendum on the issue of the sale of alcoholic liquor filed with the clerk in this case read:

"TO: City Clerk of the City of Chicago
We, the undersigned residents and legal voters of the 50th Precinct (as said precinct existed as of the last general election) of

the 8th Ward, County of Cook, Illinois, said precinct which is described as follows:

(a) 87th Street on South; (b) Cregier on the West; (c) 85th Street on the North; (d) Euclid on the East and said precinct which contains licensee(s), 87th Street Food and Liquors, 1858 E. 87th Street, and 7-Eleven Food & Liquors, 1800 E. 87th Street, respectfully petition that you cause to be effected in the manner provided by law, the proposition: Shall the sale of alcoholic liquor be prohibited in the 50th Precinct of the 8th Ward?"

| NAME OF SIGNER | P.O. ADDRESS | PRECINCT/WARD | DATE OF SIGNING |
|---|---|---|---|

The petition is signed by not less than 25% of the legal voters of the precinct registered with the defendant board. The petitions contain the affidavit of the circulator.

On August 6, 1986, the defendant clerk certified to the defendant board that on August 4 a petition consisting of 13 sheets was filed purporting to be signed by 25% of the registered voters from the precinct requesting that there be submitted to the voters of said precinct at the election on November 4, 1986, the following proposition:

"Shall the sale of alcoholic liquor be prohibited in this 50th Precinct of the 8th Ward of the City of Chicago?"

The provisions of the Illinois Liquor Control Act relating to the referendum procedure in part requires that the petition contain 25% of the signatures of legal voters registered with the board from the precinct and states in part:

"The petition shall request that the proposition 'shall the sale at retail of alcoholic liquor be prohibited in _____?' be submitted to the voters of the precinct at the next ensuing election at which such proposition may be voted upon." Ill. Rev. Stat. 1985, ch. 43, par. 167.

The provision of the Illinois Liquor Control Act relating to the "form" of the petition for a referendum reads in pertinent part:

"A petition for the submission of the proposition shall be in substantially the following form:

To the _____ clerk of the (here insert the corporate or legal name of the county, township, road district, city, village or incorporated town):

The undersigned, residents and legal voters of the _____ (insert the legal name or correct designation of the political subdivision or precinct, as the case may be), respectfully peti-

tion that you cause to be submitted, in the manner provided by law, to the voters thereof, at the next election, the proposition 'Shall the sale at retail of alcoholic liquor (or alcoholic liquor other than beer containing not more than 4% of alcohol by weight) (or alcoholic liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises) be prohibited in this _____?'

| Name of Signer | P.O. Address (including street no., if any) | Description of precinct township, road district or part thereof, as of the last general election | Date of signing |
|---|---|---|---|

A petition for a proposition to be submitted to the voters of a precinct shall also contain in plain and nonlegal language a description of the precinct to be affected by the election. The description shall describe the territory of the precinct by reference to streets, natural or artificial landmarks, addresses or by any other method which would enable a voter signing such petition to be informed of the territory to be affected. Each such petition for a precinct referendum shall also contain a list of the names and addresses of all licensees in the precinct." Ill. Rev. Stat. 1985, ch. 43, par. 169.

This section also provides for a contest as to the validity of the petitions by petition filed with the circuit court within anytime up to 30 days immediately prior to the date of the proposed election and that the procedures in these cases "as far as may be applicable, shall be the same as that provided for the objections to petitions in the general election law." Ill. Rev. Stat. 1985, ch. 43, par. 169.

As the licensees, Quarles and Southland, point out in their brief and argument, the petitions filed in this case as set forth above when compared to the aforesaid provisions of the Illinois Liquor Control Act contain the following irregularities.

(1) They do not include the date of the election or a statement that the proposition be placed on the ballot at the next ensuing election.

(2) The description of the precinct merely contains names of streets bounding the precinct rather than the sides of the streets that are the termine of the boundaries.

(3) The filed petitions do not contain in the proposition the words "sale at retail" before "of alcoholic liquor" and the words "City of Chicago" after "50th precinct of the 8th ward."

(4) The names of the licensees in the petitions filed are "87th Street Food and Liquors, 1858 E. 87th Street, and 7-Eleven Food and Liquors, 1800 E. 87th Street." These are not the legal names of the licensees. Their names as they appear from the complaint and caption are "Vernice Quarles d/b/a 87th Street Cut Rate Liquor & Grocery and The Southland Corporation."

If the word "shall" as used in the applicable provisions of the Illinois Liquor Control Act is mandatory and/or the court is required to apply a strict construction of the Illinois Liquor Control Act, the plaintiffs are probably right that the defects affected the validity of the petitions. Also, if there was fraud or the merits of the election were affected by reason of the defects, the court would have to sustain plaintiffs' position and reverse the trial judge. No fraud or irregularities affecting the election are alleged in the complaint or asserted in the record.

Whether a particular enactment is directory or mandatory depends on legislative intention to be ascertained from the nature and object of the statute and the consequences which would result from any given construction. (*Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 1012, 454 N.E.2d 29.) The use of the word "shall" in a statutory provision, though generally regarded as mandatory, does not have a fixed or inflexible meaning and may, in fact, be construed as meaning "may" depending on legislative intent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) The word "shall" as used in election cases has been held to be directory rather than mandatory. (*People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 39, 219 N.E.2d 617.) However, where a statute provides that an election shall be rendered void by the failure of those involved in the election to perform specified duties, the courts are required to enforce the duties as being mandatory. But where the statute does not expressly declare its provisions to be mandatory or compliance therewith essential to the election's validity, the failure to strictly comply in the absence of fraud, or a showing that the merits of an election were affected thereby, is not fatal. *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 34, 219 N.E.2d 617.

The obvious purpose of the statutory provisions relating to the election date, the licensee's name, and the form of the question, is so that those who are to prepare for or affected by or participate in an election are given ample time to prepare for the election. (*People ex rel. Bell v. Powell* (1966), 35 Ill. 2d 381, 383, 221 N.E.2d 272.) Moreover, directory provisions of any statute may not be disregarded.

All requirements of election laws are mandatory in the sense that they impose the duty of obedience on those who come within their purview. But it does not follow from this general legal concept that every departure or omission should vitiate the ballot or proceedings in question. *Hester v. Kamykowski* (1958), 13 Ill. 2d 481, 482, 150 N.E.2d 196.

■ Where the effect of failure to comply is not prescribed, the courts must look at the matter from a consideration of the whole statute, its nature, its object, and the consequences, which would result from construing it one way or the other. In such an inquiry a literal compliance with prescribed forms should not be required if it appears that the spirit of the law has not been violated and the result of the election has been fairly ascertained.

■ Based on these principles of law relating to elections and referendums this court must sustain the trial court's ruling that the petitions complied with the law despite their irregularities.

First, the provisions of the Illinois Liquor Control Act relating to procedures and form do not provide that the failure to specify (1) a time as to the election; (2) exact boundaries of the area; (3) legal names of licensees; or (4) "at retail" or location of the city is fatal to a petition.

Secondly, the nature and object of the Illinois Liquor Control Act as expressed by section 1—2 of the Act impels the conclusion that the petitions in the instant case are adequate. Ill. Rev. Stat. 1985, ch. 43, par. 94.

The provision of section 1—2 states:

"This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." (Ill. Rev. Stat. 1985, ch. 43, par. 94.)

This paragraph requires that a strict or technical construction of the provisions of the Act detrimental to the public interest be avoided. *Young v. Marcin* (1978), 66 Ill. App. 3d 576, 581, 384 N.E.2d 404.

Thirdly, the provisions of the Illinois Liquor Control Act relating to local referendums permitting the use of a precinct as a geographic area for determination in a local option election to prohibit the sale of alcoholic beverages have been held to be reasonably appropriate and constitutional. *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262.

Finally, it has been held that the legislature intended that the for-

mal requirements for a local option referendum on the proposition prohibiting the sale of alcoholic liquor in a precinct be not as stringent as those of a candidate for public office. (*Hassiepen v. Marcin* (1974), 24 Ill. App. 3d 97, 98, 320 N.E.2d 572.) In the case of a candidate for public office, the mandatory requirements of the Election Code are not mandatory in the sense that substantial, rather than strict compliance therewith, mandates removal of the candidate's name from the ballot. *Ballentine v. Bardwell* (1985), 132 Ill. App. 3d 1033, 1034, 478 N.E.2d 500.

When these legal concepts relating to elections generally and alcoholic liquor referendums specifically are applied to the petitions in this case and to the record, it is clear that the petitions were adequate, did not mislead or confuse the voters, election officials and licensees. Despite the fact that the petitions did not contain the date of election or the language suggested "at the next election," the clerk whose duty it was to certify the petitions was not misled. On August 6, 1986, two days after the petitions were filed, he certified to the board that the request that the vote on the proposition as to the sale of alcoholic liquor in the precinct be held on November 4, 1986.

Although the names of the licensees were not completely accurate, their location was. The licensees were not misled or confused by the failure to include their legal name. They filed their complaint attacking the sufficiency of the petitions on September 24, 1986, a month and a half after the clerk's certification to the board. The verification date of the complaint is September 19, 1986, almost two months before the scheduled date for election (November 4, 1986). Although the sides of the street were omitted from the boundary set forth in the petition, the record does not disclose that a single registered voter entitled to vote was denied the right to vote or that a voter not entitled to vote did vote. Some 275 votes were cast in the referendum. Finally, although the word "retail" is not contained in the proposition, there is no indication that there were any other licensees in the precinct other than the plaintiffs' "retail" licensees nor did the failure to include "city of Chicago" mislead anyone. The clerk inserted that provision in his certification to the board.

To hold the petitions involved in this case to be inadequate based on these technical defects would be putting form over substance and would be contrary to the principles of law cited.

The city clerk and board took no part in the substance of this controversy. The city clerk had filed a motion to be dismissed as a party defendant which was denied by the trial court. The provisions of section 9—4 of the Illinois Liquor Control Act relating to petitions for

submission of a proposition concerning the sale of alcoholic liquors indicate that they are to be addressed to the clerk of the county, township, road district, city, village or incorporated town. (Ill. Rev. Stat. 1985, ch. 43, par. 169.)

A provision of that same section of the Illinois Liquor Control Act requires the municipal, town or road district clerk to certify the proposition to be submitted at the election to the appropriate election officials unless the petition has been determined to be invalid. The section also provides: "If the court determines the petitions to be invalid subsequent to the certification by the clerk, the court's order shall be transmitted to the election officials and shall nullify such certification." Ill. Rev. Stat. 1985, ch. 43, par. 169.

Notwithstanding these apparent, plain, unambiguous provisions making the city clerk the initial depository and certifier of the referendum petitions, the corporation counsel argues that a 1977 amendment to the Illinois Liquor Control Act makes the board of election commissioners the clerk for receipt and certification of alcoholic liquor referendum petitions. The provisions of section 9—1 of the Code give support to the city clerk's position, and it reads in part:

"[W]ith reference to cities, villages and incorporated towns which have by ordinance created a Board of Election Commissioners, it [clerk] means the Board of Election Commissioners ***." Ill. Rev. Stat. 1985, ch. 43, par. 166.

Yet, section 9—1 provides in part that "[t]he words and phrases defined in this section and used in this Article, *unless inconsistent with the context* shall be construed as follows." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 43, par. 166.

To apply the meaning of the word "clerk" to mean the "Board of Election Commissioners of the city of Chicago" which is appointed by the circuit court of Cook County rather than the elected city clerk of the city of Chicago as urged by the corporation counsel would be "inconsistent with the context of the Illinois Liquor Control Act" as construed by the city clerk in this very case. The city clerk in this case did not refuse the petitions addressed to "City Clerk of City of Chicago" nor did he advise the voters who signed the petitions that the proper city agency to file them with was the defendant board. Mr. Kozubowski, the city clerk, not only accepted the petitions, he certified the filing to the board. The defendant board of election commissioners acknowledged receipts of the original petitions certified by Mr. Kozubowski, the city clerk. The board never advised Kozubowski that he erroneously received and certified the petitions.

From a literal application of article IX of the Illinois Liquor Con-

trol Act (Ill. Rev. Stat. 1985, ch. 43, par. 166 *et seq.*), it may be possible that, in Chicago, the judicially appointed board of election commissioners rather than the duly elected city clerk is, in fact, the "clerk" in connection with city of Chicago liquor referendum cases and their results. However, in this case Walter S. Kozubowski, the city clerk, was properly named a defendant because he, in fact, received the petitions and certified them to the board.

■ In light of the city clerk's action in this case and the failure of the clerk to raise the issue that he erroneously received the petitions and certified them to the board, the trial court in this case properly denied the motion of the city clerk to be dismissed as a party defendant.

Accordingly, for the reasons stated, the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.