CINTUC, INC., d/b/a Cintuc Beer Garden, Plaintiff-Appellant, v. WALTER S. KOZUBOWSKI, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—91—1346

Opinion filed June 18, 1992.

William J. Cooley, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Benna Ruth Solomon, Assistant Corporation Counsel, of counsel), for appellee Walter S. Kozubowski.

Michael Levinson, General Counsel, of Chicago (Daniel P. Madden, of counsel), for other appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Cintuc, Inc., doing business as Cintuc Beer Garden (Cintuc), brought an action in the circuit court of Cook County against defendants, the city clerk and the Board of Election Commissioners of Chicago. Contesting the validity of a petition for a local option election, Cintuc asked the trial court to enjoin defendants from placing a referendum question on the April 2, 1991, ballot.

Cintuc claimed that the petition failed to contain a sufficient number of valid signatures. Cintuc argued, *inter alia*, that the petition sheets contained an error in the notarial jurat, which invalidated the petition.

The trial court entered an order in favor of defendants. The court concluded that the erroneous jurats did not affect the validity of the petition. Cintuc appeals, assigning error to the trial court's reasoning and result.

We affirm the order of the trial court.

BACKGROUND

A

The record contains the following pertinent facts. Prior to the April 2, 1991, election, residents of Chicago's 37th precinct, 13th ward, circulated a petition among precinct residents. The petition sought to put on the ballot a referendum question that asked whether the retail sale of alcoholic liquor should be prohibited in the precinct. See Ill. Rev. Stat. 1989, ch. 43, par. 166 *et seq.*

The petition had to have a minimum of 111 signatures to put the question on the ballot. (See Ill. Rev. Stat. 1989, ch. 43, par. 167.) On January 2, 1991, the petition was filed with the city clerk. The petition had 195 signatures on 39 sheets. At the foot of each sheet, the circulator of the sheet certifies that he resides in the precinct; that he personally circulated that petition sheet; that each signature that appears on the sheet is genuine and was signed on the date indicated on the sheet; and that to the best of his knowledge or belief each person who signed the petition was a legal voter in the precinct.

Beneath the circulator's certification is printed the following notarial jurat:

"Subscribed and sworn before me, a Notary Public in and for Cook County, State of Illinois, this __ day of _____, 1990 by [name of circulator].

[signature of notary public]

NOTARY PUBLIC"

## B

Cintuc holds a liquor license and does business in the precinct as Cintuc Beer Garden. On February 20, 1991, Cintuc filed a complaint in the trial court to contest the validity of the petition. Cintuc claimed that, for several reasons, none of the petition's 195 signatures was valid. Cintuc argued, *inter alia*, that the notaries who certified the petition sheets completed the notarial jurats incorrectly. Consequently, according to Cintuc, the petitions were invalid.

On March 27, 1991, the trial court ruled in favor of defendants. The court ruled that the applicable statutes do not prescribe a specific form of notarial jurat for a petition for a local option election. The court further ruled that the forms of jurat that appear in section 6—105 of the Illinois Notary Public Act (Ill. Rev. Stat. 1989, ch. 102, par. 206—105) are sufficient for a petition for a local option referendum; however, the form of jurat is merely directory and not mandatory.

The court found that the notarial jurat in the case at bar was erroneously completed. However, the court found that the defective jurat "does not on its face indicate that the circulators failed to appear before the respective notaries; plaintiff has presented no evidence to that effect; and the only evidence before the Court indicates that the necessary notary requirements were complied with."

The trial court also found that the parties agreed "that the number of valid signatures remaining on the Petition, after counting valid revocations and other defects in the Petition, is greater than the number needed to place the proposition on the ballot." The trial court declared that the petition was valid and that the referendum question could be put on the April 2, 1991, ballot. Cintuc appeals.

OPINION

## I

■ We briefly note two preliminary matters. First, although the record is silent on this point, it is obvious that the April 2, 1991, election has already occurred. However, this appeal is not moot. The ref-

erendum effectively deprived Cintuc of valuable license privileges. Also, the issues in this case involve a matter where there is a substantial public interest. See *Quarles v. Kozubowski* (1987), 154 Ill. App. 3d 325, 329, 507 N.E.2d 103, 106.

■ Second, Cintuc and defendants disagree on which statute to which we should refer. The requirements of a petition for a local option election are established in article IX of the Liquor Control Act (Act) (Ill. Rev. Stat. 1989, ch. 43, par. 166 *et seq.*). However, section 9—4 of the Act specifically states that a petition "shall conform to the requirements of the general election law, as to form and signature requirements." (Ill. Rev. Stat. 1989, ch. 43, par. 169.) Further, "any reference *** to 'the general election law' *** is a reference to [the Election Code]." (Ill. Rev. Stat. 1989, ch. 46, par. 1—1.) Thus, a petition for a local option election must also meet the applicable requirements of article 28 of the Election Code, specifically section 28—3. (Ill. Rev. Stat. 1989, ch. 46, pars. 28—1, 28—3; see *In re Petition to Form a New Park District* (1989), 182 Ill. App. 3d 973, 980-81, 538 N.E.2d 849, 853-54.) In any event, the Liquor Control Act and the Election Code *both* require that the petition circulators take an oath before an officer authorized to administer oaths. Ill. Rev. Stat. 1989, ch. 43, par. 169; ch. 46, par. 28—3.

## II

We now reach the issue on appeal. It is undisputed that a petition circulator signed the certification on each petition sheet. However, it is also undisputed that two notary publics erroneously completed the jurat. Referring to the above-quoted form, one of the notaries printed his or her name in the space where the name of the circulator should appear. Thus, a notary's name appears in the jurat twice where it should appear only once. It is a consistent mistake that appears on each of the petition's 39 sheets. Cintuc claims that this defect invalidates the petition. We agree with the trial court that it does not.

■ The trial court ruled that while the statutory forms of jurat are sufficient for a local option referendum petition, those forms are merely directory and not mandatory. We agree. Section 6—103(a) of the Illinois Notary Public Act states that a notarial act must be evidenced by a jurat signed and dated by the notary public. The jurat must also include the identification of the jurisdiction in which the oath is taken and the official seal of office. These are the statute's sole requirements as to a notarial jurat. (Ill. Rev. Stat. 1989, ch. 102, par. 206—103(a).) A jurat is sufficient if it meets the requirements of subsection (a) and (1) is in one of the short forms listed in section 6—

105, or (2) is in a form otherwise prescribed by Illinois law, or (3) is in a form that sufficiently shows that the notary's actions met the requirements of the particular notarial act. Ill. Rev. Stat. 1989, ch. 102, par. 206—103(b).

■ The statute accords with custom. Courts generally view a jurat as merely that part of an affidavit where the officer certifies that it was sworn before him. It is not the affidavit. Rather, the jurat is simply evidence of the fact that the affidavit was properly sworn to by the affiant. (*Cox v. Stern* (1897), 170 Ill. 442, 446, 48 N.E. 906, 907; *Theobald v. Chicago, Milwaukee & St. Paul Ry. Co.* (1897), 75 Ill. App. 208, 213; accord 1 Ill. L. & Prac. *Affidavits* §3 (1988); 2A C.J.S. *Affidavits* §31 (1972).) Accordingly, where an affiant is otherwise identified, courts overlook mere clerical errors such as naming the wrong person in the jurat, or even omitting from the jurat the affiant's name entirely. 2A C.J.S. *Affidavits* §33 (1972).

■ Applying these principles to the case at bar, it is clear that the jurat, as it was completed at the foot of each petition sheet, was sufficient under Illinois law. First, the jurat met the statutory requirements of section 6—103 of the Notary Public Act. The jurat contained the information required by subsection (a) and sufficiently showed that a circulator swore an oath before a notary, meeting the requirement of subsection (b)(2) or (b)(3). See Ill. Rev. Stat. 1989, ch. 102, par. 206—103.

Further, it is undisputed that the circulators signed the certification on each petition sheet in accordance with Illinois law. They took an oath before a person whom they believed would administer the oath correctly. The completion of the jurat was separate from the circulator's certification. The fact that the jurat did not name the circulator did not detract from the efficacy of the certification. See *Shipley v. Stephenson County Electoral Board* (1985), 130 Ill. App. 3d 900, 906-07, 474 N.E.2d 905, 910; 2A C.J.S. *Affidavits* §33 (1972).

The trial court also found that the record did not contain any evidence of fraud. In other words, the record did not show that the circulators did not appear before their respective notaries. In oral argument before this court, Cintuc conceded that the record does not contain any evidence of fraud. However, Cintuc argued essentially that since the existence of fraud cannot be disproved, then we should presume that fraud is present.

Of course, this argument is error. The presumption in cases charging fraud is that all persons are honest. Fraud is not presumed; rather, it must be proved by clear and convincing evidence. (*Bundesen v. Lewis* (1938), 368 Ill. 623, 632, 15 N.E.2d 520, 524; *McKennan v.*

*Mickelberry* (1909), 242 Ill. 117, 134, 89 N.E. 717, 722; *Allenworth v. Ben Franklin Savings & Loan Association* (1979), 71 Ill. App. 3d 1041, 1044, 389 N.E.2d 684, 687.) "If the motives and designs of the parties charged with fraud or collusion may be traced to an honest and legitimate source equally as to a corrupt one, the former explanation ought to be preferred." *McKennan*, 242 Ill. at 134, 89 N.E. at 722.

The record in the case at bar does not contain any evidence of fraud. Therefore, "we conclude that the integrity of the political process was not in jeopardy, and that the oath provision of section 28—3 of the Election Code was substantially, if not literally, complied with by the circulators of the petitions." *Shipley*, 130 Ill. App. 3d at 907, 474 N.E.2d at 910.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.