THE CITY OF DE KALB, Plaintiff-Appellant, v. DAVID B. WHITE, Defendant-Appellee.

Second District   No. 2—91—0358

Opinion filed April 27, 1992.

Ronald G. Matekaitis, of De Kalb, for appellant.

No brief filed for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, the City of De Kalb, appeals from a judgment of the circuit court of De Kalb County. It found the defendant, David B. White, guilty of violating a De Kalb municipal speeding ordinance (the ordinance) (De Kalb, Ill., Municipal Code, ch. 51, par. 51.02, as amended by De Kalb, Ill., Ordinance 90—65 (June 11, 1990)), but declared the minimum fine provision of the ordinance (De Kalb, Ill., Municipal Code, ch. 51, par. 51.025, as amended by De Kalb, Ill., Ordinance 90—65 (June 11, 1990)) to be both (1) in violation of the statewide statutory scheme for sentencing traffic violators in Illinois, as well as (2) a denial of the defendant's equal protection and due process rights under the Illinois and United States Constitutions. While no appellee's brief has been filed on this appeal, we reach the merits pursuant to the guidelines expressed in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

On January 20, 1991, David B. White was issued a citation by De Kalb patrolman Rodney Long for driving 43 miles per hour in a posted 30-miles-per-hour zone within the City of De Kalb. On February 8, 1991, the defendant appeared before the circuit court and entered a plea of not guilty. On March 5, after a bench trial, the defendant was found guilty of violating the ordinance, and the city requested the imposition of the minimum fine allowable under the ordinance plus court costs totaling $68.

The trial court set the total fine and costs at $58 and held the ordinance to be invalid. The trial court enunciated three reasons for its holding: (1) the ordinance violates the statutory scheme that the State intended to apply to all traffic offenses; (2) the home rule powers of the City of De Kalb cannot justify allowing De Kalb's officers the discretion to cite a violator under the municipal ordinance or the State code; and (3) the ordinance violates the due process and equal protection clauses of the Illinois and United States Constitutions because a defendant who is arrested outside the city limits of De Kalb for the same violation would not be subjected to the city's higher mandatory minimum fine.

■ Pursuant to article VII, section 6(a), of the Illinois Constitution (Ill. Const. 1970, art. VII, §6(a)), a home rule municipality may exercise any power or may legislate to protect the public health, safety and welfare of its community. (See also Ill. Rev. Stat. 1989, ch. 95½, par. 11—208.) Furthermore, as a home rule unit, De Kalb may exercise power concurrently with the State "to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." (Ill. Const. 1970, art. VII, §6(i).) However, the Illinois Vehicle Code shall be applicable and uniform throughout the State, and no municipality may enact or enforce any ordinance in conflict with its provisions. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—207.) In determining if there is a conflict, the court shall look to whether the municipal ordinance infringes upon the spirit of the State law or is repugnant to the policy of the State. *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 1015.

■ The issue in this case is whether the minimum fine provision of the De Kalb ordinance conflicts with the Illinois Vehicle Code. Violation of the State speed regulation results in a penalty at the level of a petty offense; the fine imposed is within the discretion of the court, but may not exceed $500. (Ill. Rev. Stat. 1989, ch. 95½, pars. 6—601(b), 11—202.) The ordinance created by De Kalb, pursuant to its home rule powers, establishes a minimum fine of $34 to a maximum

fine of $500 plus court costs. (De Kalb, Ill., Municipal Code, ch. 51, par. 51.025, as amended by De Kalb, Ill., Ordinance 90—65 (June 11, 1990).) A judicial decision disregarding the minimum sentence set by the State legislature in the Vehicle Code is an abuse of discretion and, therefore, reversible error. (See *People v. Ullrich* (1990), 135 Ill. 2d 477, 488.) This principle also applies to municipal ordinance minimum penalty provisions. *City of Naperville v. Bernard* (1985), 139 Ill. App. 3d 784, 785-86.

■ There is no requirement that the De Kalb ordinance by which De Kalb exercises concurrent jurisdiction with the State be identical to the State rule upon which it is modeled. (See *Village of Mundelein*, 117 Ill. App. 3d at 1015.) Nor are we aware of any statutory proscription of a minimum fine. The ordinance does not infringe upon the spirit of the State law, nor is it repugnant to the policy of the State. (117 Ill. App. 3d at 1015.) Therefore, we find that the ordinance does not conflict with the statutory scheme for sentencing traffic violators.

We do not find that the ordinance violates the equal protection or due process clauses of the Illinois or United States Constitutions. Additionally, we find no impropriety in the discretion of De Kalb's police officers to cite a defendant under the State statute or under its ordinance because the final discretion properly rests with the City attorney. See *Village of Wilmette v. Michels* (1985), 137 Ill. App. 3d 1001, 1003.

For the above reasons, we reverse and remand this case with instructions to recalculate the fine and costs assessed against the defendant pursuant to the minimum fine provisions of the applicable De Kalb municipal ordinance. See *Ullrich*, 135 Ill. 2d at 488.

Reversed and remanded with instructions.

BOWMAN and WOODWARD, JJ., concur.